District Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTUR ATAYANTS,

                Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                Defendant.

Case No. 2:24-cv-01986-RSL

STIPULATED MOTION TO REOPEN
CASE AND ORDER

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 60(b)(1), the parties respectfully request that this Court reopen this case because it was dismissed due to a material mistake. Plaintiff brought this litigation pursuant to the Administrative Procedure Act and Mandamus Act, *inter alia*, to compel U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his Form I-589, Application for Asylum and for Withholding of Removal. As described below, Defendant's counsel and Plaintiff filed a stipulated motion to dismiss the case on the mistaken belief that Plaintiff's Form I-589 had been adjudicated. Dkt. No. 9. This Court granted the motion and dismissed the case without prejudice on August 26, 2025. Dkt. No. 10. The parties request the

STIPULATED MOTION TO REOPEN
[Case No. 2:24-cv-01986-RSL] - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

Court reopen the litigation because they recently learned that the Form I-589 had not been adjudicated and remains pending.

## II.   RELEVANT FACTS

Plaintiff commenced this litigation on December 2, 2024. Dkt. No. 1. The U.S. Attorney's Office received service of the Complaint on December 27, 2024. Undersigned counsel entered her appearance on behalf of USCIS on February 13, 2025. Dkt. No. 5. The same day, the parties filed a stipulated motion to hold the case in abeyance through August 27, 2025, to allow USCIS to conduct Plaintiff's scheduled asylum interview and continue processing his application. Dkt. No. 6. The Court granted the stipulated motion and ordered the parties to file a joint status report by August 27, 2025. Dkt. No. 7.

On August 25, 2025, the USCIS point of contact for this case ("POC") informed undersigned counsel that a decision had been issued. Lambert Decl., ¶ 2. The email included a copy of the decision. Lambert Decl., Ex. A, Approval Notice. Based on this representation, undersigned counsel emailed Plaintiff asking whether he would join in a stipulated motion to dismiss this case and provided a copy of the decision. Lambert Decl., Ex. B, Email. Petitioner agreed to dismissal, and the parties filed a stipulated motion to dismiss with the Court. Dkt. No. 9. On August 26, 2025, this Court dismissed the case without prejudice pursuant to the stipulated motion. Dkt. No. 10.

On October 1, 2025, Plaintiff emailed undersigned counsel and inquired about the status of USCIS forms and the status of his case on USCIS's website. Lambert Decl., Ex. C, Email. That same day, the appropriations funding the Department of Justice lapsed, prohibiting undersigned counsel from working on mandamus cases during the government shutdown. Lambert Dec., Ex. D, Email. Plaintiff emailed again on October 8, 2025, and undersigned counsel informed him that she would follow up with USCIS when the government reopened.

STIPULATED MOTION TO REOPEN
[Case No. 2:24-cv-01986-RSL] - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

Lambert Decl., Ex. E, Email. On November 14, 2025, undersigned counsel requested that her USCIS POC find out whether the forms had been sent out to plaintiff. Lambert Decl., ¶ 9. Not having received a substantive response, undersigned counsel again requested that the POC provide her with the requested information on December 3, 2025, and December 5, 2025. *Id.* On December 5, 2025, the USCIS POC informed undersigned counsel that they had emailed the draft decision in error before the case was ready. Lambert Decl., ¶ 10. The POC further informed undersigned counsel that Plaintiff's case had not yet been adjudicated. *Id.* Later that afternoon, undersigned counsel and her supervisors then conferred with USCIS attorneys concerning this issue. Lambert Decl., ¶ 11. Although asylum adjudications have been paused nationally, USCIS is continuing to work on the background checks and vetting that is pending for Plaintiff's application. *Id.*

On December 10, 2025, undersigned counsel emailed Plaintiff to explain that his case had not yet been adjudicated. Lambert Decl., Ex. E, Email. On December 12, 2025, undersigned counsel discussed the status of the case with Plaintiff. Lambert Decl., ¶ 13.

### III.   ARGUMENT

Because there are no federal rules that expressly address a party's ability to reopen a case, district courts construe motions to reopen, as relevant here, as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570 (9th Cir. 1987). Federal Rule 60(b)(1) "permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect,' so long as the motion is filed 'within a reasonable time,' and, at most, one year after the entry of the order under review. *Kemp v. United States*, 596 U.S. 528, 531 (2022) (quoting Fed. R. Civ. Pro. 60). The ultimate decision of whether to grant a Rule 60(b)(1) motion lies within "the sound discretion of the district court." *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

STIPULATED MOTION TO REOPEN
[Case No. 2:24-cv-01986-RSL] - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

1   In determining whether a party's error qualifies for relief under Rule 60(b)(1), courts in the Ninth Circuit apply the *Pioneer-Briones* standard that considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation omitted).

The danger of prejudice to Plaintiff is great if this case is not reopened. He brought this case seeking an order compelling USCIS to adjudicate his asylum application. The parties had negotiated a resolution to this case, namely the very adjudication that he sought. While it was believed that the application had been adjudicated leading to the dismissal of the litigation, Plaintiff's asylum application remains pending with USCIS. Thus, this case has not been resolved.

The reason for the delay and the length of the delay since this Court dismissed this case without prejudice favor granting this motion to reopen. First, the approximate three-month delay would not negatively impact the proceedings, if reopened. The parties have agreed that USCIS will respond to the Complaint within 30 days of this case being reopened. Second, Plaintiff only recently learned that his asylum application had not been adjudicated. He timely inquired with undersigned counsel about the status of the adjudication papers approximately a month after the dismissal. Unfortunately, undersigned counsel could not follow up on the matter due to the government shutdown. However, once the government reopened and she was able to do so, undersigned counsel asked USCIS about the status of Plaintiff's case. Thereafter, the parties have acted promptly by conferring about how to address the mistaken dismissal.

Finally, both parties have acted in good faith. There is no intentional malfeasance or intentional misrepresentation at issue here. The parties are seeking to reopen the case because of

STIPULATED MOTION TO REOPEN
[Case No. 2:24-cv-01986-RSL] - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

an unfortunate mistake. USCIS continues to process Plaintiff's application and reopening the case will allow Plaintiff to litigate his claims, if necessary.

Accordingly, the parties stipulate and request that this Court reopen the case and vacate the dismissal order (Dkt. No. 10). The parties further agree that USCIS will respond to the Complaint within 30 days of an order reopening the case.

DATED this 16th day of December, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

s/Michelle R. Lambert
MICHELLE R. LAMBERT, NYS #4666657
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: (253) 428-3824
Fax:   (253) 428-3826
Email: michelle.lambert@usdoj.gov

*Attorneys for Defendant*

PRO SE PLAINTIFF

ARTUR ATAYANTS, *Pro Se* Plaintiff
100 110th Ave NE, Apt B414
Bellevue, WA 98004
Phone: 206-739-9451
Email: art.atayants@gmail.com
*Pro Se Plaintiff*

*I certify that this memorandum contains 1,141 words, in compliance with the Local Civil Rules*

STIPULATED MOTION TO REOPEN
[Case No. 2:24-cv-01986-RSL] - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

**ORDER**

The parties Rule 60(b) motion to reopen is granted. This Court's dismissal order is vacated. Defendant shall respond to the Complaint within 30 days of this Order.

It is so **ORDERED**.

DATED this 17th day of December, 2025.

_____
ROBERT S. LASNIK
United States District Judge

STIPULATED MOTION TO REOPEN
[Case No. 2:24-cv-01986-RSL] - 6

UNITED STATES ATTORNEY
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
(253) 428-3800